Madden, Judge,
delivered the opinion of the court:
The plaintiff filed its petition in this case on June 22,1953. Its suit was one of the considerable number of suits filed by gold mining companies claiming that their businesses had been “taken” by the United States, by the issuance and enforcement against them of War Production Board Limitation Order L-208. The background of these cases and the course of the history of most of them may be learned by reading the Supreme Court’s opinion in United States v. Central Eureka Mining Co., et al., 357 U. S. 155. In that case the Supreme Court reversed this court’s decision which is reported in 134 C. Cls. 1; new trial denied, with opinion, 134 C. Cls. 130. The Supreme Court held that the Government’s action under L-208 did not amount to a taking of the gold mines, within the meaning of the fifth amendment, and that the plaintiffs there involved had no right to recover from the United States.
The plaintiff’s case is still pending, and the defendant on the basis of the Supreme Court decision in Central Eureka, supra, has moved to dismiss it. In its petition, the plaintiff, like Central Eureka, alleged a taking of its mines and demanded just compensation for the taking. In view of the Supreme Court’s decision, the plaintiff cannot recover on that ground. It now seeks, however, to amend its petition to state a legal theory of recovery which, it asserts, is not foreclosed by the Supreme Court’s decision. The Government opposes the plaintiff’s motion for leave to amend, urging that the proposed amendment states a new cause of action, and that the statute of limitations has run against it.
The plaintiff corporation and one Walter W. Johnson sought and obtained, in 1941, a loan of $250,000 from the Beconstruction Finance Corporation, for the purpose of enabling the corporation to operate certain Alaska gold mining property. The borrowers agreed to repay the money and to pay interest for the use of it. The mining property *491 was operated during the 1941 and 1942 mining seasons. On October 8, 1942, Limitation Order L-208 shut down the operation and kept it closed until July 1,1945. The plaintiff protested that it should not have to pay interest to the NFC during the period of the shutdown. The NFC, however, required it to pay the interest.
The plaintiff corporation and Walter W. Johnson brought suit in the United States District Court for the Northern District of California, Southern Division, against the NFC, for the refund of the interest. The District Court decided for the NFC. The case was appealed to the Court of Appeals for the Ninth Circuit. That court, in the case of Brinker-Johnson Co., et al. v. Reconstruction Finance Corporation, 236 F. 2d 195, held that the District Court should have dismissed the case for want of jurisdiction. It held that P. L. 532, 82d Cong., 66 Stat. 605, conferred exclusive jurisdiction upon this court in all cases in which losses resulting from the operation of Limitation Order L-208 were sued for. The Court of Appeals entered an order remanding the case to the District Court with an instruction to dismiss the petition. The plaintiff filed a petition for a rehearing and the Court of Appeals on September 21, 1956, entered the following order:
The petititon in this case will stand submitted to await determination after litigation in the Court of Claims is filially decided. * * *.
The Supreme Court of the United States in Central Eureka, supra, at page 163, held that Public Law 532, supra, was not a concession of liability by Congress which merely left to the Court of Claims the task of ascertaining the amount of damages resulting from L-208. It held that P. L. 532 was merely a waiver of the statute of limitations for those gold mine operators who had not filed their suits within the regular period of limitation. Under that view of P. L. 532, the jurisdiction of this court, and of the District Courts, was not affected by that statute, except that it waived the defense of the statute of limitations as to suits in this court by gold mining companies. P. L. 532 had nothing to do with suits against the NFC, a corporation having capacity to sue and be sued.
*492 Section 1500 of tbe Judicial Code, 62 Stat. 942, 28 U. S. C. 1500 says:
The Court of Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States. June 25, 1948, c. 646, 62 Stat. 942.
The plaintiff’s pending suit against the Eeconstruction Finance Corporation in the District Court deprives this court of jurisdiction of the claim which the plaintiff proposes to state in its amendment to its petition. National Cored Forgings Co., Inc. v. United States, 132 C. Cls. 11.
Defendant’s motion is granted, plaintiff’s motion is denied and its petition is dismissed.
It is so ordered.
EdgeRtoN, Circuit Judge, sitting by designation; Lara-more, Judge; Whitaker, Judge, and JoNES, Chief Judge, concur.